UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X  Case No.:

WAZEL JANE GREENBERG,

                        Plaintiff,        **COMPLAINT**

    -against-

                                                 **PLAINTIFF DEMANDS**

TELEVISA UNIVISION, INC. and SHARON   **A TRIAL BY JURY**
BULANHAGUI, *individually*,

                        Defendants.

-------------------------------------------------------------------X

Plaintiff, WAZEL JANE GREENBERG, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-107, *et seq.* ("NYCHRL"); and seeks damages to redress the injuries she suffered as a result of being **discriminated and retaliated** against on the basis of her **actual and/or perceived disabilities (Breast Cancer)**.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2. Jurisdiction of this Court is proper under 42 U.S.C. § 12101, *et seq.*, and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

1

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated  10/27/22  with respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. That at all times relevant hereto, Plaintiff WAZEL JANE GREENBERG ("Plaintiff") is female and a resident of the State of New Jersey.

9. That at all times relevant hereto, Defendant TELEVISA UNIVISION, INC. was and is a foreign business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

10. Defendant TELEVISA UNIVISION, INC. operates and/or operates a location at 605 3rd Ave, Floor 1, New York, NY 10158.

11. Upon information and belief, Defendant TELEVISA UNIVISION, INC. employs at least fifteen or more employees.

12. That at all times relevant hereto, Plaintiff was an employee of Defendant TELEVISA UNIVISION, INC.

13. That at all times relevant hereto, Defendant Sharon Bulanhagui ("SHARON") was employed as the Vice President of Total Rewards for Defendant TELEVISA UNIVISION, INC. and had the authority to affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

14. Defendants TELEVISA UNIVISION, INC., and SHARON are hereinafter referred to together as "Defendants."

## MATERIAL FACTS

15.     On or about September of 2015, Defendants hired Plaintiff as the "Human Resources Business Analyst."

16.     On or about September of 2016, Plaintiff was promoted to "Human Resources Systems Specialist."

17.     On or about December of 2018, Plaintiff was promoted to "Human Resources Operations Systems Manager."

18.     As the Human Resources Operations Systems Manager, Plaintiff's duties included but were not limited to using her experience with managing and forecasting budgets, change management and training, and developing and implementing Human Resource policies to act as Project Lead for implementation, configuration, data conversion, and integration mapping.

19.     At all times relevant, Plaintiff was qualified to do her job and able to perform the duties of her employment with a reasonable accommodation.

### Plaintiff's Discrimination Claims

20.     On or about October of 2020, Plaintiff was diagnosed with Breast Cancer.

21.     Plaintiff immediately informed her direct supervisor and manager Blanca Anagnostos and began undergoing chemotherapy.

22.     Prior to her first medical leave, Plaintiff had been encouraged by her manager to apply for a promotion as her manager's successor to the position of Director, Human Resources Information System (HRIS) & Change Management.

23.     Plaintiff requested, was approved for, and took her first extended leave from on or about May 18, 2021, to June 9, 2021.

24.     Plaintiff requested, was approved for, and took her second extended leave from on or about October 28, 2021, to on or about December 23, 2021.

25. On or about May of 2021, during her first medical leave, Plaintiff applied and was interviewed by SHARON for the position of Director, HRIS & Change Management.

26. Plaintiff was denied the position, and an individual who did not suffer from cancer and with several years less of experience was hired in her stead.

27. When Plaintiff returned from medical leave in December of 2021, Plaintiff was informed by a colleague that Defendant SHARON had expressed that Plaintiff "could not handle the job in her condition."

28. Plaintiff immediately began observing that Defendant SHARON excluded Plaintiff from meetings that she regularly attended prior to her medical leaves.

29. During the subsequent time period from on or around July of 2021 to on or around early August of 2021, Plaintiff took additional sick days to undergo various surgeries related to her cancer treatment. Plaintiff made Defendant SHARON aware of these surgeries and her ongoing cancer treatment.

30. After returning from her second medical leave on or about December 23, 2021, Plaintiff observed that many of her previous job responsibilities were transferred over to less-qualified consultants.

31. Plaintiff felt embarrassed, shocked, and confused by this discriminatory treatment.

32. On or about January 28, 2022, Plaintiff requested sick leave from on or about March 3, 2022 to March 9, 2022 for surgery in relation to her disability. This sick time was approved.

33. On or about early February 15, 2022, Plaintiff reached out to Defendant SHARON and Roxanna Flores (SVP, Human Capital Operations) to schedule a meeting to express her frustration with this discriminatory treatment on the basis of her disability.

34. On or about February 16, 2022, Plaintiff had a meeting with Defendant SHARON and Roxanna Flores. During this meeting, Plaintiff was terminated.

35. Defendant SHARON was aware that this date was a mere two weeks before Plaintiff's next surgery and extended medical leave due to her disability.

36. Up until that point in time and upon information and belief, Plaintiff's annual performance reviews had been exemplary, and Plaintiff had excellent working relationships with colleagues.

37. Plaintiff realized that Defendants would not attempt to accommodate Plaintiff's disabilities, perceived her disabilities as an inconvenience, and had effectively terminated her so they would not have to provide her with any further reasonable accommodations or leaves.

38. Defendants failed to engage in the interactive process and cooperative dialogue.

39. Defendants terminated Plaintiff because of her actual and/or perceived disabilities (Breast Cancer).

40. As a result of Defendants' actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

41. As a result of the acts and conduct complained of herein, Plaintiff has suffered the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

42. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE AMERICANS WITH DISABILITIES ACT**

43. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

44. Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336), as amended, as these titles appear in volume 42 of the United States Code, beginning at Section

12101.

45. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112 "Discrimination" states:

> "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

46. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her actual and/or perceived disability (**Breast Cancer**).

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

47. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

48. The ADA prohibits retaliation, interference, coercion, or intimidation.

49. 42 U.S.C. § 12203 provides:

> a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

50. Defendants violated this section as set forth herein by retaliating, and otherwise discriminating against the Plaintiff because she opposed Defendants' unlawful employment actions and because she requested and/or needed a reasonable accommodation.

### AS A THIRD CAUSE OF ACTION

**UNDER THE NEW YORK STATE EXECUTIVE LAW**

51. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

52. The New York State Executive Law § 296(1)(a) provides that,

> It shall be an unlawful discriminatory practice: For an employer . . . because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

53. Defendants engaged in an unlawful discriminatory practice in violation of the New York State Executive Law § 296(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her actual and/or perceived disability (**Breast Cancer**).

**AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK STATE EXECUTIVE LAW**

54. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

55. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

56. Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's engagement in an activity protected under this law.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. The Administrative Code of the City of New York §8-107 (1) provides:

> "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived … disability… of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

59. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff on the basis of her actual and/or perceived disability, together with failure to engage in the cooperative dialogue, failure to provide a reasonable accommodation, and unlawful termination.

## AS A SIXTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

60. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraph of this Complaint as if more fully set forth herein at length.

61. New York City Administrative Code Title 8-107(7) provides that:

> "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter …"

62. Defendants engaged in an unlawful and retaliatory practice by retaliating, and otherwise discriminating against the Plaintiff because she opposed Defendants' unlawful employment actions and because she requested and/or needed a reasonable accommodation.

### AS A SEVENTH CAUSE OF ACTION FOR FAILURE TO PROVIDE A REASONABLE ACCOMODATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

63. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. The Administrative Code of the City of New York §8-107(15)(a) provides:

> "[A]ny person prohibited by the provisions of this section from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

65. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code §8-107(15)(a) by failing to provide Plaintiff with a reasonable accommodation, and by failing to engage in the cooperative dialogue.

### JURY DEMAND

66. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the Americans with Disabilities Act of 1990, New York City Human Rights Law, 42 U.S.C. § 12101, *et seq.* ("ADA"); the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL"); the New York City Human Rights Law, New York City Administrative Code §§ 8-107, *et seq.* ("NYCHRL"); in that Defendants

discriminated, and retaliated against Plaintiff on the basis of her disability, whether actual and/or perceived;

B. Awarding Plaintiff compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff damages for the amount of unpaid compensation, liquidated damages and for any improper deductions or credits taken against wages as applicable;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
January 9, 2023

                              **PHILLIPS & ASSOCIATES,**
                              **Attorneys at Law, PLLC**

By:   /s/Shawn Clark
        Shawn R. Clark, Esq.
        Melissa Vo, Esq.
        *Attorneys for Plaintiff*
        45 Broadway, Suite 430
        New York, New York 10006
        T: (212) 248-7431
        F: (212) 901 - 2107
        sclark@tpglaws.com
        mvo@tpglaws.com

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Wazel Greenberg<br>c/o Phillips & Associates 45 Broadway, Suite 430<br>New York, NY 10006 | From: | New York District Office<br>33 Whitehall St, 5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2022-07285 | Glendora Young,<br>Federal Investigator | (929) 506-5290 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

    Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.

    The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Timothy Riera
10/27/2022

**Timothy Riera**
**Acting District Director**

Enclosures(s)

cc:
Shawn Clark
sclark@tpglaws.com